UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA B.,[1] <br>       **Plaintiff,** <br>   v. <br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br>       **Defendant.** | NO. CV 18-3238-KS <br><br> **MEMORANDUM ORDER AND OPINION** |

## INTRODUCTION

Plaintiff filed a Complaint on April 18, 2018, seeking review of the denial of her application for a period of disability and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Dkt. No. 1.) The parties have consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11-13.) On September 11, 2018, Defendant filed an Answer to the Complaint. (Dkt. No. 15.) On March 28, 2019, the parties filed a Joint Stipulation. (Dkt. No. 26 ("Joint

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Stip.").) Plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for further proceedings. (Joint Stip. at 14.) The Commissioner requests that the Administrative Law Judge's decision be affirmed, or, in the alternative, the matter remanded for further proceedings. (*Id.* at 15.) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for SSI on October 16, 2014. (Administrative Record ("AR") 207-216.) She alleged disability commencing on January 1, 2000, because of bipolar/schizophrenia, insomnia, hypertension, thyroid, diabetes, emphysema, sleep apnea, carpal tunnel, and depression/anxiety. (AR 208.) The Commissioner denied Plaintiff's claim by initial determination on April 21, 2014 (AR 111-127) and upon reconsideration on July 21, 2015 (AR 152-156). On August 12, 2015, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 157-158.) On January 17, 2017, ALJ Donna M. Montano held a hearing on Plaintiff's claim at which Plaintiff, who was represented by counsel, testified along with Vocational Expert ("VE") Dr. Paul. (AR 39-62.) On March 14, 2017, the ALJ issued an adverse decision. (AR 16-38.) On April 23, 2018, the Appeals Counsel denied review and the ALJ decision became administratively final. (AR 1-6.) This timely civil action followed.

## SUMMARY OF ALJ'S DECISION

Applying the five-step sequential evaluation process, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since October 16, 2014, the application date. (AR 21.)[2] At step two, the ALJ found that Plaintiff had the following

---

[2] Plaintiff had a prior application denied on June 20, 2013. (AR 211.) In addressing the application at issue here, ALJ Montano declined to reopen the prior decision and found that decision to be "final and binding regarding the period

2

severe impairments: diabetes; degenerative joint disease of the wrists; asthma; high blood pressure; obesity; and affective disorder. (AR 22.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926). (AR 23) The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except that she can, at most:

> Lift and carry ten pounds occasionally, and less than ten pound[s] frequently; stand and walk for two hours in an eight-hour workday; and sit for six hours in an eight-hour workday. [Plaintiff] cannot ever climb ladders, ropes, or scaffolds. She further can only frequently [sic] perform gross and fine manipulations bilaterally. She must avoid concentrated exposure to extreme cold, heat, fumes, odors, dusts, and gasses. . . . must avoid even moderate exposure to dangerous machinery, and unprotected heights. . . . is limited to simple tasks with simple work related decisions. She is also limited to working with things rather than people, or object-oriented work. [Plaintiff] finally is limited to no contact with the general public.

(AR 25.)

The ALJ determined at step four, that Plaintiff had no past relevant work. (AR 37.) At step five, the ALJ determined that, considering Plaintiff's age[3], education, work experience

---

prior [to] its issuance." (AR 21.) The ALJ noted that to the extent she discussed evidence prior to June 20, 2013, it was "for the purpose of providing context only, and is not, nor should it be considered a reopening of the [Plaintiff's] prior determination." (AR 22.) With respect to the period at issue here, despite the prior denial, the ALJ concluded that the presumption of continuing nondisability had been rebutted by a showing of "changed circumstances." *(Id.* (citing *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988).)

[3] Plaintiff was 44 years old on the application date and thus met the agency's definition of a younger individual age 18-44. (AR 32); *see* 20 C.F.R. § 416.963(c). Plaintiff is now between the ages of 45 and 49, and, in some

3

| | |
|---|---|
| 1 | and RFC, there are "jobs that exist in significant numbers in the national economy that |
| 2 | [Plaintiff] can perform." (AR 32.) Relying on the VE's testimony, the ALJ concluded that |
| 3 | Plaintiff "would be able to perform the requirements of representative occupations such as" |
| 4 | addresser (DOT[4] 209.587-010, Specific Vocational Preparation ("SVP") 2) of which the VE |
| 5 | testified there were 25,000 available positions in the national economy; window shade sewer |
| 6 | (DOT 692.685-254, SVP 2) with 14,200 positions available nationally; and almond blancher |
| 7 | (DOT 521.687-010, SVP 2) with 18,040 positions available nationally. (AR 33.) The VE |
| 8 | testified that Plaintiff could also perform the work requirements of final assembler (DOT |
| 9 | 713.687-018, SVP 2); and document preparer (DOT 249.587-018, SVP 2). (*Id.*) |
| 10 | Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the |
| 11 | Social Security Act. (AR 58.) |

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted).

---

circumstances, the Commissioner may consider persons in that age range "more limited in their ability to adjust to other work than persons who have not attained age 45." *See* 20 C.F.R. § 416.963(c).

[4] "DOT" refers to the *Dictionary of Occupational Titles*.

4

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation omitted); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citation omitted). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citation omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).

## DISPUTED ISSUE

The parties present a single issue in dispute: Whether the ALJ failed to provide a complete hypothetical to the VE. (Joint Stip. at 4.)

## DISCUSSION

### I. The Parties' Positions

Plaintiff contends that the ALJ erred by failing to incorporate into the hypotheticals posed to the VE "the limitation assessed by the state agency that limited Plaintiff to simple

one or two-step jobs." (Joint Stip. at 4.) Because of the ALJ's omission, Plaintiff asserts that the ALJ "failed to provide a complete hypothetical to the vocational expert," which constitutes legal error. (*Id*.) Plaintiff points to the opinion of state agency physician M.D. Morgan who assessed that Plaintiff can maintain concentration, persistence, and pace for "simple one and two-step tasks." (AR 140.)

Plaintiff notes that the ALJ gave considerable weight to Dr. Morgan's medical opinion and cited Dr. Morgan's knowledge of Plaintiff's longitudinal medical evidence in the record. (Joint Stip. at 5; *see also* AR 31.) Plaintiff argues that because the ALJ gave Dr. Morgan's opinions "substantial weight," the ALJ erred in accepting the jobs that the VE identified when two of the three jobs the VE concluded Plaintiff could perform, "Addresser" and "Window Shade Sewer," are Reasoning level 2 jobs "and therefore outside of the Reasoning level that is consistent with simple one and two step jobs." (Joint Stip. at 6.) Thus, Plaintiff contends the ALJ's hypothetical did not properly account for Plaintiff's diminished capacity to maintain concentration, persistence, and pace in the workplace as assessed by Dr. Morgan. (*See* AR 31).

Defendant argues that the hypothetical posed to the VE was not incomplete and the ALJ's nondisability decision was free of legal error and supported by substantial record evidence because the ALJ did not adopt the "simple 1-2 step tasks" limitation as part of the RFC. (Joint Stip. at 9.) Defendant emphasizes that the ALJ's hypothetical must be consistent with the RFC. (*Id*. at 8 (citing *Thomas v. Barnhart*, 278 F.3d 948, 956 (9th Cir. 2002).) Defendant emphasizes that Plaintiff does not challenge the ALJ's RFC determination for Plaintiff, the ALJ's weighting of the medical opinions, or his assessment of Plaintiff's credibility. (*Id*. at 7.) Defendant also argues that even if the ALJ erred by failing to include the limitation to "simple 1-2 step tasks" in the hypothetical to the VE, any error was harmless. (*Id*.)

## II. Legal Standard

At step five of the sequential disability analysis, the ALJ bears the burden of establishing that there are jobs in significant numbers in the national economy that the claimant can perform. *See Bray v. Comm'r of Soc. Sec., Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009). When the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record, a VE's testimony can constitute substantial evidence of a claimant's ability to perform work that exists in significant numbers in the national economy. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (ALJ's reliance on VE's testimony proper where "hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record.") Hypothetical questions posed to a VE do not need to include all alleged limitations, only those limitations which the ALJ properly finds to exist. *See e.g., Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (holding that it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the record); *Martinez v. Heckler*, 807 F.2d 771, 773-74 (9th Cir. 1986) (ALJ's hypothetical not incomplete where "the weight of medical evidence supports the hypothetical questions posed by the ALJ").

## III. The ALJ Did Not Pose an Incomplete Hypothetical to the VE.

### A. The Hypothetical Included all of the RFC Limitations

Dr. Morgan was the only physician who, in evaluating Plaintiff's capacities for concentration, persistence or pace, opined that Plaintiff could only "sustain c/p/p for simple 1-2 step tasks." (AR 140.) Dr. Morgan also noted that Plaintiff's "ability to carry out very short and simple instructions" was "[n]ot significantly limited" and her ability to "make simple work-related decisions" was also "[n]ot significantly limited." (*Id.*) Elsewhere, Dr.

Morgan noted that Plaintiff's difficulties in maintaining concentration, persistence or pace were "moderate." (AR. 135.)

However, in making Plaintiff's RFC determination, the ALJ concluded that Plaintiff "is limited to simple tasks with simple work-related decisions." (AR 25.) At the hearing, the ALJ included this limitation in the following hypothetical presented to the VE:

> [ALJ]: Hypothetical number one, assume an individual of the [Plaintiff's] age, vocational background, and education level, be limited as follows: okay. Lifting or carrying 10 pounds occasionally/less than 10 pounds frequently; she can stand and/or walk only two hours out of an eight-hour workday; sit for six of eight; she cannot climb ladders, ropes, or scaffolds; she could frequently do gross and fine manipulations bilaterally; avoid concentrated exposure to extreme cold, heat, fumes, odors, dusts, and gases; avoid moderate exposure to dangerous machinery or unprotected heights. Hold on one second. Limited to simple tasks with simple work-related decisions; working with things rather than people or object oriented work; and she's limited to no contact with the general public. Would she be able to do any work?
>
> [VE]: Yes, she would.

(AR 57-58.)

Plaintiff argues that this hypothetical was incomplete because it did not include a specific restriction to "simple 1-2 step tasks" based on the opinion of state agency physician Morgan. (*See* Joint Stip. at 5; and AR 140.) Plaintiff contends an individual who is "limited to simple one and two-step instructions can only perform jobs identified as a Reasoning level

1 in the DOT." (Joint Stip. at 5.) Accordingly, the ALJ erred in relying on the VE's testimony that Plaintiff could perform jobs requiring a Reasoning level 2 – namely, the jobs of Addresser and Window Shade Sewer – which, Plaintiff contends, are "outside of the Reasoning level that is consistent with simple one and two step jobs." (Joint Stip. at 6.)

Nevertheless, as noted, the ALJ's hypothetical need only include all the limitations that the ALJ found credible and supported by substantial evidence in the medical record. *Bayliss v. Barnhart,* 427 F.3d at 1217-18. The ALJ may properly omit evidence he discounted. *See Hahn v. Berryhill*, 722 Fed. Appx 602, 604 (9th Cir. 2017) (citing *Bayliss,* 427 F.3d at 1217-18). Here, the ALJ's hypothetical included all of the limitations identified in the RFC, and, as Defendant points out, Plaintiff does not challenge the ALJ's determination to discount certain physicians' assessments in formulating Plaintiff's RFC. (Joint Stip. at 7.) Accordingly, the ALJ presented a complete hypothetical to the VE.

### B. The ALJ's RFC is Supported by Substantial Record Evidence

In his decision, the ALJ adopted Dr. Morgan's assessment that Plaintiff had a "moderate" limitation in concentration, persistence, and pace. (AR 24.) The ALJ further found that "[Plaintiff's] observed dysthymic . . . mood" would "also interfere with her ability to maintain concentration, persistence, or pace, however, those limitations as evidence in the objective medical evidence of record are not greater than moderate. Providers have said the [Plaintiff's] attention and concentration remain 'intact'." (*Id.*) The ALJ determined that the objective medical evidence of record did not indicate any limitations in concentration, persistence, or pace that were "greater than moderate." (*Id.*) In making this assessment, the ALJ cited treating notes from psychiatrist, Dr. J. Mao, at Tri-City Mental Health Services dating from September through November 2016, which consistently indicated that Plaintiff's attention/concentration were "grossly intact." (*Id.* (citing AR 659, 663, 660 [Ex. C12F 5, 9, 16].) Indeed, the RFC fully incorporated Dr. Morgan's conclusion that Plaintiff's ability to

"make simple work-related decisions" was also "[n]ot significantly limited." (*Compare* AR 25 (RFC) and AR 140 (Dr. Morgan's assessment).)

The ALJ also gave great weight to the opinion of psychological and consultative examiner, Dr. Stanciell, whose February 2015 examination included tests of concentration and memory and determined that Plaintiff has "mild difficulties focusing and maintaining attention" as well as "mild difficulties in concentration, persistence and pace." (AR 30; 367-68.) Thus, the ALJ's RFC determination is well supported by evidence in the medical record.

### C. Plaintiff Has Waived Any Challenge to the Formulation of the RFC

To the extent that Plaintiff may now wish to have her argument construed as asserting that the ALJ erred in assessing the RFC because he did not include Dr. Morgan's limitation to "simple 1-2 step tasks" as part of the RFC, then that argument is waived because Plaintiff did not raise it in her opening brief. *See Laronge v. Berryhill*, 685 Fed. Appx. 519, 521 (plaintiff waived argument that ALJ erred in setting mental RFC by not raising it in her opening brief). Indeed, as stated above, Plaintiff does not identify any error in the ALJ's RFC determination. In Plaintiff's statement of issues and contentions in the Joint Stipulation, Plaintiff unambiguously states, "The ALJ failed to provide a complete hypothetical to the vocational expert. Specifically, the ALJ erred in failing to include the limitation assessed by the state agency that limited [Plaintiff] to simple one or two-step jobs." (Joint Stip. at 4.) Defendant emphasized that Plaintiff does not dispute the ALJ's RFC determination in her response (*see* Joint Stip. at 7-10), but Plaintiff did not respond to this point in her reply. Instead, Plaintiff again stressed that "the ALJ did not include the limitations form the state agency of a limitation to simple one and two step jobs *in the hypothetical*." (*Id*. at 12 (emphasis added).) Nowhere does Plaintiff contend the ALJ erred in his RFC determination.

Further, when Plaintiff's counsel questioned the VE at the hearing, he did not raise the simple-1-2 step limitation. After the ALJ's questioned the VE, Plaintiff's attorney posed two additional hypotheticals to the VE. (AR 59-60.) In the second hypothetical, counsel asked "if [due to carpal tunnel syndrome and the middle trigger finger] one hand was limited to occasional fingering because of a left trigger finger, would that hypothetical individual be able to perform this sedentary work that you've identified." (AR 59.) The VE replied that these conditions would eliminate the jobs he had previously identified and there would not be any other jobs available at the sedentary level. (AR 60.) In the third hypothetical counsel asked, "if the hypothetical individual because of psychiatric symptoms would need to be at a redirected or would be slower in pace and concentration and persistence throughout the day to the tune of about 15 percent of the workday, would that individual be able to maintain employment." (AR 60.) The VE replied, "that would eliminate competitive employment." (*Id.*)

In sum, the hypothetical that the ALJ posed to the VE included all of Plaintiff's limitations that the ALJ found credible and supported by substantial evidence, and Plaintiff has not challenged the ALJ's weighting of the evidence and formulation of the RFC. Given that Plaintiff has not challenged the RFC as defective and the hypothetical included all of the limitations identified in the RFC, the hypothetical posed to the VE was proper. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (explaining that the hypothetical question posed to VE is derived from the RFC determination). Thus, the Court finds that the ALJ's hypothetical posed to the VE is free of legal error and, on that basis, the Commissioner's decision must be affirmed.[5]

\\
\\
\\

---

[5] Because the Court find's the ALJ's hypothetical free of legal error, the Court does not address Defendant's alternative argument that any error was harmless.

# CONCLUSION

After a careful review of the medical record, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted. Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 8, 2019

_/s/ Karen L. Stevenson_
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE